# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

TARKUS IMAGING, INC.

    Plaintiff,

v.      Civ. No. 10-63-LPS

ADOBE SYSTEMS, INC.;
CANON U.S.A.;
NIKON AMERICAS, INC.; and
NIKON, INC.

    Defendants,

## **MEMORANDUM ORDER**

Presently pending before the Court is defendant Nikon Americas, Inc.'s ("NA") motion to dismiss for failure to state a claim for relief. (D.I. 22) The basic premise of NA's motion is that, as a holding company, NA does not – indeed, cannot – infringe the patent-in-suit. The Court disagrees and, therefore, DENIES NA's motion.

1.     Background. Plaintiff Tarkus Imaging, Inc. ("Tarkus") filed the instant patent infringement action on January 26, 2010. (D.I. 1) In the complaint, Tarkus names as defendants Adobe Systems, Inc., Canon U.S.A., Nikon Americas, Inc., and Nikon, Inc. (collectively, "Defendants"). The complaint alleges that Defendants infringe U.S. Patent No. 6,628,823 (the "'823 patent"). (*Id.*) After a series of extensions, on May 17, 2010, Adobe, Canon, and Nikon, Inc. each answered the complaint and asserted counterclaims against Tarkus. (D.I. 20; D.I. 21) On the same day, defendant NA filed a motion to dismiss for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (D.I. 22) None of the other defendants, including Nikon, Inc., have joined in NA's motion. The parties have fully

briefed the motion to dismiss. (D.I. 22; D.I. 25; D.I. 30)

2. <u>Legal Standards</u>. Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

However, "[t]o survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007)). While heightened fact pleading is not required, "enough facts to state a claim to relief that is plausible on its face" must be alleged. *Twombly*, 127 S. Ct. at 1974. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Technology Charter School Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted). Nor is the Court obligated to accept as true "bald assertions," *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Resources, Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*,

82 F.3d 63, 69 (3d Cir. 1996).

    3.    <u>Parties' Contentions</u>.

        a.    NA contends that it cannot, as a matter of law, infringe the '823 patent because it is a holding company: its sole business is to provide tax and financial services to Nikon's U.S. subsidiaries. (D.I. 22 at 1) NA does not "make, use, offer to sell, sell, or import into the United States the allegedly infringing products" or, in fact, "any products whatsoever." Thus, it is "black letter law" that NA cannot be found to infringe the '823 patent. (*Id.*) NA further contends that the Court is free to treat the motion as one for summary judgment since it raises matters outside the pleadings. To that end, NA argues that there is no material factual dispute over NA's business. (D.I. 30 at 2) NA also rebuts Tarkus' assertion that NA's website sells accused products by explaining that Nikon, Inc., and not NA, is actually the owner of the website. (*Id.*) The references on the website on which Tarkus relies refer to Nikon operations "in the Americas," not to the holding company NA. (*Id.* at 4) NA further submits that Tarkus is not entitled to discovery, even if the Court chooses to treat the motion as one for summary judgment; alternatively, in the event that the Court deems discovery is necessary, NA requests that the Court give Tarkus thirty days to take targeted discovery. (*Id.*)

        b.    Tarkus, on the other hand, contends that NA's motion to dismiss fails for three reasons. First, the complaint satisfies the applicable pleading standards. Tarkus identifies a specific patent and lists certain accused products allegedly supplied by NA. (D.I. 25 at 3-4) Accordingly, in the view of Tarkus, the complaint clearly puts NA on notice of the basis of Tarkus' claims, in full satisfaction of Fed. R. Civ. P. 8(a). Second, Tarkus objects to the declaration that NA attached to its motion to dismiss, which states that NA is a holding company. (D.I. 23) In Tarkus's view, if the Court does not exclude the declaration by NA, then the motion

to dismiss should be treated as a motion for summary judgment, in which case "all parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Finally, according to Tarkus, even if the Court does not exclude NA's declaration and converts the motion to one for summary judgment, NA's motion still fails. Tarkus submits that there exist material factual disputes. Tarkus points out, for example, that one can purchase some of the accused Nikon products directly from NA's website. (D.I. 25 at 6) This is enough, in Tarkus' view, to preclude summary judgment in NA's favor.

4. <u>Discussion</u>. The Court finds that Tarkus has alleged facts in the complaint sufficient to survive NA's motion to dismiss. In effect, NA simply asserts that it does not infringe the '823 patent. NA's sole argument is that it is a holding company that does not sell or manufacture any products and, accordingly, cannot infringe the '823 patent.[1] Tarkus alleges, however, that NA "directly and/or through intermediaries" "ships, distributes, offers for sale, sells, advertises, and uses" specific products that Tarkus accuses of infringing the '823 patent. At this stage of the proceedings, the Court must take Tarkus' factual allegations as true. Hence, NA's general denial does not provide a basis to dismiss this case.[2]

---

[1] NA has cited no authority for the proposition that a holding company cannot be liable for patent infringement solely by virtue of being a holding company. As a general matter, a parent company may be held liable for the patent infringement of its subsidiaries. *See A. Stucki Co. v. Worthington Industries, Inc.*, 849 F.2d 593, 596 (Fed. Cir. 1988) (explaining circumstances in which parent could be liable for subsidiary's direct infringement); *see also Ethypharm S.A. France v. Bentley Pharms., Inc.*, 388 F. Supp. 2d 426, 432 (D. Del. 2005) ("If a parent corporation directs the allegedly infringing activity of a subsidiary, the parent can be liable for its subsidiary's infringement."). NA concedes that it is the parent of Nikon, Inc., a named defendant.

[2] Both parties cite to *Apple Computer, Inc. v. Unova, Inc.*, 2003 WL 22928034 (D. Del. Nov. 25, 2003). Like NA here, defendant Unova argued that, as a holding company, it did not make, use, sell, or import any accused products. *See id.* at *3-4. The Court denied Unova's motion, stating: "The parties have not yet engaged in discovery, and, at this early stage, factual determinations are not appropriate. If [defendant] is correct in its contentions about itself and

Notwithstanding NA's protestations to the contrary, the Court cannot conclude that it is "self-evidently false" that NA infringes the '823 patent, nor can the Court conclude that Tarkus' assertions are merely unsupported conclusions. NA concedes that it has some relationship with Nikon, Inc., a separate defendant that has not filed a motion to dismiss. Accepting Tarkus' well-pleaded allegations as true, this Court finds that it is at least plausible to believe that NA infringes the '823 patent.

Moreover, the Court observes – while not deciding whether it is appropriate to consider the materials attached to the briefs – that there are competing factual assertions about the identity of NA and whether it sells accused products or owns (or operates) the website Tarkus cites. Even if the Court were to consider these materials, the Court would be left with a dispute that cannot be resolved at this early stage.

For the foregoing reasons, the Court DENIES NA's motion to dismiss.

_____
UNITED STATES DISTRICT JUDGE

---

about Apple's motives in filing suit, summary judgment and sanctions may later be appropriate." *Id.* at *5. This statement is equally applicable here.