IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TARKUS IMAGING, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ADOBE SYSTEMS, INC.,<br>CANON U.S.A., INC.,<br>NIKON AMERICAS, INC., and<br>NIKON, INC.,<br><br>Defendants. | C.A. No. 10-063-LPS<br><br>**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY**<br><br>REDACTED VERSION |

**ADOBE SYSTEMS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO SEVER OR FOR A SEPARATE TRIAL**

Dated: April 6, 2012

FISH & RICHARDSON P.C.

Douglas E. McCann (#3852)
(dmccann@fr.com)
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE 19899-1114
Telephone: (302) 652-5070

Frank E. Scherkenbach
(scherkenbach@fr.com)
Thomas A. Brown
(tbrown@fr.com)
One Marina Park Drive
Boston, MA 02110-1878
Telephone: (617) 542-5070

Robert J. Kent
(rjkent@fr.com)
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070

*Attorneys for Defendant and Counterclaimant ADOBE SYSTEMS, INC.*

**TABLE OF CONTENTS**

I. INTRODUCTION ..... 1

II. ARGUMENT ..... 2

A. Legal Standards ..... 2

B. Severance Under Rules 20 And 21 Is Appropriate ..... 5

1. Adobe and Canon Were Misjoined ..... 5

2. Even If Joinder Were Proper, The Court Should Sever The Claims Against Adobe From The Claims Against Canon Since A Single Trial Will Cause Juror Confusion And Unfair Prejudice To The Defendants ..... 5

a. Evidence Relating to Non-Infringement Will Necessarily Differ as Between the Defendants, and Juror Confusion is Likely ..... 6

b. Evidence Relating to Willfulness, if Admitted, Is Likely to Inflame the Jury to the Prejudice of the Other Defendant ..... 7

c. Evidence Relating to Damages Differs Between Adobe and Canon ..... 8

d. Evidence Relating to Validity Does Not Detract from the Appropriateness of Severance ..... 10

e. Each of the Factors Supports Severance ..... 10

C. In the Alternative, Separate Trials Under Rule 42(b) Are Appropriate ..... 11

D. The Trial May Proceed in the Originally-Set Aside Period, With One Week Allocated to Adobe and One Week Allocated to Canon ..... 11

III. CONCLUSION ..... 12

**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY**

# TABLE OF AUTHORITIES

## CASES

*Bear Creek Technologies, Inc. v. RCN Commc'n*,
Slip Copy, 2011 WL 3626787 (E.D.Va. August17, 2011) ....................2

*Ciena Corp. v. Corvis Corp.*,
210 F.R.D. 519 (D. Del. 2002) ....................5

*Dynacore Holdings Corp. v. U.S. Philips Corp.*,
363 F.3d 1263 (Fed. Cir. 2004)....................6

*Franconia Assoc. v. U.S.*,
61 Fed.Cl. 335 (Fed. Cl. 2004) ....................2

*Gardco Mfg., Inc. v. Herst Lighting Co.*,
820 F.2d 1209 (Fed. Cir. 1987)....................2

*Golden Scorpio v. Steel Horse Bar & Grill*,
596 F.Supp.2d 1282 (D.Ariz. 2009) ....................2

*Grigsby v. Kane*,
2003 WL 24008976 (M.D. Pa. March 19, 2003)....................2

*Henderson v. AT & T Corp.*,
918 F.Supp. 1059 (S.D.Tex. 1996) ....................4

*In re Diet Drugs Product Liab. Litig.,*
2007 WL 2458021 (E.D. Pa. Aug. 23, 2007) ....................3

*In re Seagate Technology, LLC*,
497 F.3d 1360 (Fed. Cir. 2007) (en banc)....................7

*Interval Licensing LLC v. AOL, Inc.*,
2011 WL 1655713 (W.D. Wash. Apr. 29, 2011)....................2

*Laboratory Skin Care, Inc. v. Limited Brands, Inc.*,
757 F.Supp.2d 431 (D. Del. 2010)....................2, 4

*Multi-Tech Sys., Inc. v. Net2Phone, Inc.*,
2000 WL 34494824 (D. Minn. June 26, 2000)....................3

*Official Comm. of Unsecured Creditors v. Shapiro*,
190 F.R.D. 352 (E.D. Pa. 2000)....................3

*Optimum Power Solutions LLC v. Apple Inc.*,
Slip Copy, 2011 WL 4387905 (N.D.Cal. Sept. 20, 2011) ....................2

*Philips Elecs. N. Am. v. Contec Corp.*,
220 F.R.D. 415 (D. Del. 2004) ....................2, 4, 5

*Quantum Loyalty Sys., Inc. v. TPG Rewards, Inc.*,
2011 WL 6652346 (D. Del. Dec. 22, 2011)....................2

*Robert Bosch LLC v. Pylon Mfg. Corp.*,
2009 WL 2742750 (D. Del. Aug. 26, 2009) ....................7

*Rudd v. Lux Products Corp. Emerson Climate Techn. Braeburn Sys., LLC*,
Slip Copy, 2011 WL 148052 (N.D. Ill. Jan. 12, 2011)....................2

*Sorenson v. DMS Holdings, Inc.*,
2010 WL 4909615 (S.D. Cal. Nov. 24, 2010) ....................2

*Spencer, White & Prentis Inc. v. Pfizer, Inc.*,
498 F.2d 358 (2d Cir. 1974)....................4

*Sporia v. Pennsylvania Greyhound Lines, Inc.,*
143 F.2d 105 (3d Cir. 1944)....................4

*Therma-Pure, Inc. v. Temp-Air, Inc.*,
2010 WL 5419090 (N.D. Ill. Dec. 22, 2010) ....................2

*Wacoh Co. v. Kionix Inc.*,
2012 WL 70673 (D. Del. Jan. 9, 2012)....................5

*WiAV Networks v. 3Com Corp.*,
2010 WL 3895047 (N.D. Cal. Oct. 1, 2010)....................2

*Wynn v. NBC, Inc.,*
234 F. Supp. 2d 1067 (C.D. Cal. 2002) ....................3

**OTHER AUTHORITIES**

4 Moore's Federal Practice § 21.06[1] (3d ed. 2011) ....................2

"America Invents Act." Report 112-98 to H.R. 1249....................3

Fed R. Civ. P. 20....................2, 3, 4, 5

Fed R. Civ. P. 21....................2, 3, 4, 5, 11

Fed R. Civ. P. 42....................2, 4, 11

## I. INTRODUCTION

Trial in this case will require Tarkus to prove infringement by two defendants relating to two sets of accused products. The Adobe accused product is a software module known as Camera Raw, a module used with Photoshop and other Adobe software that permits users to import images in a so-called "raw" format into Adobe's suite of digital image editing software. The Canon accused products are printers and software distributed with those printers. These are different products with different source code and different functionality. For joinder to be proper, there must be a common transaction or occurrence. There is none here, and the case should be severed.

In addition, to prove infringement, Tarkus must present a complicated and highly technical body of evidence that each juror will be asked to understand, weigh, and compartmentalize for each defendant. And to prove willfulness, the jury will be asked to consider inflammatory evidence of allegedly nefarious conduct by each defendant—while at the same time being asked not to hold one defendant's alleged conduct against the other. To prove indirect infringement, each juror will be asked to understand, weigh, and compartmentalize the evidence of alleged intent or knowledge necessary to prove Tarkus's case, again on a defendant-specific basis for each defendant, since Tarkus's case rests on a theory of indirect infringement. And Tarkus's damages case against Canon will necessarily involve different evidence and sources of proof from Tarkus's damages case against Adobe. Juror comprehension will be greatly enhanced, and the prejudice to the parties reduced, if the Court severs the case, or at minimum orders separate trials against Adobe and Canon.[1]

[1] The trial may proceed during the originally set-aside two week period beginning on June 18, 2012. The Adobe trial may proceed first, for one week, with the Canon trial second, also for one week.

## II. ARGUMENT

### A. Legal Standards

The district court has broad discretion in deciding to sever claims (under Rules 20 and 21) or hold separate trials (under Rule 42(b)).[2] *See Gardco Mfg., Inc. v. Herst Lighting Co.*, 820 F.2d 1209, 1212 (Fed. Cir. 1987) ("a district court has broad discretion in separating issues and claims for trial as part of its wide discretion in trial management"); *Quantum Loyalty Sys., Inc. v. TPG Rewards, Inc.*, 2011 WL 6652346, at *1 (D. Del. Dec. 22, 2011); *Laboratory Skin Care, Inc. v. Limited Brands, Inc.*, 757 F.Supp.2d 431, 441-42 (D. Del. 2010); *Grigsby v. Kane*, 2003 WL 24008976, at *2 (M.D. Pa. March 19, 2003).

Courts routinely refuse to hold a single trial in patent cases involving multiple accused infringers, where the only connection amongst the accused infringers is that they are alleged to infringe the same patent. *See, e.g.*, *Philips Elecs. N. Am. v. Contec Corp.*, 220 F.R.D. 415, 418 (D. Del. 2004).[3] Patent juries are asked to undertake a heavy burden; this burden is

---

[2] The difference between severance and separation is that severance results in separate and independent actions with separate final judgments, whereas separate trials results in a single judgment. *See* 4 Moore's Federal Practice § 21.06[1] (3d ed. 2011).

[3] *See also Rudd v. Lux Products Corp. Emerson Climate Techn. Braeburn Sys., LLC*, Slip Copy, 2011 WL 148052, at *3 (N.D. Ill. Jan. 12, 2011); *Franconia Assoc. v. U.S.*, 61 Fed.Cl. 335, 336 (Fed. Cl. 2004) (citing *Philips*); *Optimum Power Solutions LLC v. Apple Inc.*, Slip Copy, 2011 WL 4387905, at *2 (N.D.Cal. Sept. 20, 2011) (citing *Philips*); *Bear Creek Technologies, Inc. v. RCN Commc'n*, Slip Copy, 2011 WL 3626787, at *2 (E.D.Va. August17, 2011) (citing *Philips*); *Sorenson v. DMS Holdings, Inc.*, 2010 WL 4909615, at *1 (S.D. Cal. Nov. 24, 2010) (citing *Philips*); *WiAV Networks v. 3Com Corp.*, 2010 WL 3895047 at *2-4 (N.D. Cal. Oct. 1, 2010) (citing *Philips*); *see also, e.g.*, *Interval Licensing LLC v. AOL, Inc.*, 2011 WL 1655713, at *1 (W.D. Wash. Apr. 29, 2011) ("It is difficult to find joinder proper when the only shared facts alleged against multiple defendants is that each infringed the same patent."); *Therma-Pure, Inc. v. Temp-Air, Inc.*, 2010 WL 5419090, at *4 (N.D. Ill. Dec. 22, 2010) ("Courts in this district, however, have consistently held that Rule 20(a)'s requirement for a common transaction or occurrence is not satisfied where multiple defendants are merely alleged to have infringed the same patent or trademark."); *Golden Scorpio v. Steel Horse Bar & Grill*, 596 F.Supp.2d 1282, 1285 (D.Ariz. 2009) ("[A]llegations against multiple and unrelated defendants for acts of patent,

unnecessarily compounded in cases where, as here, they are further asked to understand, compartmentalize, and apply two non-overlapping sets of highly technical information (including, in this case, source code).

Indeed, although some courts had interpreted the Federal Rules to permit joinder in patent cases of multiple defendants with different accused products, Congress "legislatively abrogate[d]" this interpretation in the recently-enacted "America Invents Act." Report 112-98 to H.R. 1249 at 55, 55 n.61. While this provision does state that it is retroactive, it demonstrates Congress's intent that the rules, even before enactment of the AIA, precluded suits against multiple defendants with unrelated products.

When considering a motion to sever under Rule 21, the Court should consider "(1) whether the issues sought to be tried separately are significantly different from one another, (2) whether the separable issues require the testimony of different witnesses and different documentary proof, (3) whether the party opposing the severance will be prejudiced if it is granted, and (4) whether the party requesting the severance will be prejudiced if it is not granted." *Official Comm. of Unsecured Creditors v. Shapiro*, 190 F.R.D. 352, 354-55 (E.D. Pa. 2000) (quotation omitted); *see also In re Diet Drugs Product Liab. Litig.,* 2007 WL 2458021, at *1 (E.D. Pa. Aug. 23, 2007) ("[C]ourts may sever parties for the 'efficient administration of justice.'") (quoting 4 Moore's Federal Practice § 21.02[1] (3d ed. 2007)); *Wynn v. NBC, Inc.,* 234 F. Supp. 2d 1067, 1088 (C.D. Cal. 2002) (finding that severance was appropriate "(1) to prevent jury confusion and judicial inefficiency, and (2) to prevent unfair prejudice" to the

---

trademark, and copyright infringement do not support joinder under Rule 20(a)); *Multi-Tech Sys., Inc. v. Net2Phone, Inc.*, 2000 WL 34494824, at *7 (D. Minn. June 26, 2000) (finding joinder improper because "[t]he only common thread running through the Complaint is Plaintiff's contention that each Defendant infringed one or more of the four patents").

**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY**

defendants); *Henderson v. AT & T Corp.*, 918 F.Supp. 1059, 1064 (S.D.Tex. 1996) (granting motion under Rule 21 because each individual claim involved individualized facts, and trying them together would confuse the jury and cause prejudice to the defendant). In short, severance is warranted when "there is a substantial risk of prejudice to [each defendant] were the jury to believe that [it] is somehow linked to" other defendants who may not share all of its defenses to infringement or damages. *Philips,* 220 F.R.D. at 418 (granting motion to sever under Rule 21). Moreover, "justification for severance is not confined to misjoinder of parties." *Spencer, White & Prentis Inc. v. Pfizer, Inc.*, 498 F.2d 358, 361 (2d Cir. 1974); *Sporia v. Pennsylvania Greyhound Lines, Inc.,* 143 F.2d 105 (3d Cir. 1944) (ordering severance despite finding that joinder was proper); *Henderson,* 918 F. Supp. at 1062 ("Rule 21 may be used to sever the claims of a properly joined plaintiff.").

Although misjoinder is not a requirement for severance under Rule 21, where misjoinder is found, severance is appropriate. Fed. R. Civ. P. 21. Joinder is proper if it satisfies both prongs of the two-part test set out in Fed. R. Civ. P. 20: that there is a right to relief asserted against the defendants "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences;" and that a "question of law or fact common to all defendants will arise in the action." *Id.*

Alternatively, the Court may order separate trials under Rule 42. Separation is warranted if separate trials "will avoid prejudice, conserve judicial resources, and enhance juror comprehension of the issues presented in the case." *Laboratory Skin Care,* 757 F.Supp.2d at 441 (quoting *Enzo Life Scis., Inc. v. Digene Corp.*, 2003 WL 21402512, at *4 (D. Del. June 10, 2003)). "In deciding whether one trial or separate trials will best serve the above factors [for Rule 42(b)] the major consideration is directed toward the choice most likely to result in a just

**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY**

final disposition of the litigation." *Ciena Corp. v. Corvis Corp.*, 210 F.R.D. 519, 521 (D. Del. 2002) (internal citation omitted).

### B. Severance Under Rules 20 And 21 Is Appropriate

#### 1. Adobe and Canon Were Misjoined

Tarkus has not asserted any right to relief based on a theory of joint or several liability. *See* Fed R. Civ. P. 20(a)(2)(A). Nor has Tarkus asserted that defendants Adobe and Canon are liable for acts arising out of the same transaction or occurrence. *See id.* Rather, the claims against Adobe and Canon are based on the use[4] of different products with different source code by different users. Thus, Tarkus's claims against Adobe do not satisfy the requirements of Rule 20(a)(2)(A) for joinder with Tarkus's claims against Canon. The claims should be severed for misjoinder. Fed. R. Civ. P. 20, 21; *Wacoh Co. v. Kionix Inc.*, 2012 WL 70673, at *1-2 (D. Del. Jan. 9, 2012); *Philips,* 220 F.R.D. at 417-18 (Granting motion to sever for misjoinder in part because "[a]llegations of infringement against two unrelated parties based on different acts do not arise from the same transaction").

#### 2. Even If Joinder Were Proper, The Court Should Sever The Claims Against Adobe From The Claims Against Canon Since A Single Trial Will Cause Juror Confusion And Unfair Prejudice To The Defendants

Even if joinder were permissible under the Rules, severance would still be appropriate because a single trial would be prejudicial. As to infringement, a lay jury will be hard-pressed to keep in mind complicated technical details regarding the algorithms used by Adobe's products, and the different algorithms used by Canon's products, to implement the accused functionality, and to recall which approach is followed by which defendant. Moreover, evidence relating to willfulness, a particularly inflammatory topic, may easily spill over in the jury's mind from one

[4] Because all the claims of the patent-in-suit are method claims, they are infringed, if at all, when the steps of the method are performed—not when software is made or sold.

HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY

defendant to the other, especially (as explained below) in light of the similarity of the allegations. Knowledge and intent are also relevant to Tarkus's claims of indirect infringement, and such evidence relating to one defendant may easily be misattributed to the other. As a result, severance would facilitate juror comprehension of the issues, and greatly reduce prejudice to the defendants.

**a. Evidence Relating to Non-Infringement Will Necessarily Differ as Between the Defendants, and Juror Confusion is Likely**

The parties' technical proof at trial will differ significantly, leading inevitably to jury confusion regarding the technical details of the parties' products. Adobe and Canon sell different products developed by different programmers (on different continents) operating in different ways. A showing that one of Canon's products meets or does not meet a claim limitation has no bearing on whether any accused Adobe functionality meets that same limitation. *See Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1273 (Fed. Cir. 2004) ("To prove infringement, the patentee must show that the accused device meets each claim limitation."); *compare* D.I. 226, Ex. F, Elswick Adobe Report *with* D.I. 247, Ex. 3, Elswick Canon Report. To expect a lay jury to keep track of which product takes what approach to a relevant technical problem, and how the differences relate to infringement, is unrealistic. More likely, the jury will blur the technical details of the parties' products, depriving both Adobe and Canon of a fair trial on infringement.

The risk of prejudice is compounded in this case by the fact that Tarkus must also show *mens rea* to prove liability for indirect infringement. As explained in Adobe's brief in support of its motion for summary judgment of no indirect infringement (D.I. 223 at 3-4), unlike direct infringement, which is a strict liability offense, liability for indirect infringement requires a showing of knowledge or intent in addition to a predicate act of infringement. But evidence of

what Canon allegedly knew or intended will not be relevant to what Adobe allegedly knew or intended, and vice-versa. There is a real and avoidable risk of juror confusion if, in addition to resolving a complicated question of direct infringement, the jury is also asked to sort out and compartmentalize the evidence relevant to intent and knowledge.

**b. Evidence Relating to Willfulness, if Admitted, Is Likely to Inflame the Jury to the Prejudice of the Other Defendant**

As explained in Adobe's motion for summary judgment of no willful infringement (D.I. 225, 1-3), to establish willful infringement, Tarkus must show an objectively-defined risk of infringement and "that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer." *In re Seagate Technology, LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc). Evidence relating to what Adobe knew or should have known will not relate to what Canon knew or should have known, for at least the reasons that the parties are separate and distinct entities, the dates of alleged infringement are vastly different, and the accused functionalities (software vs. hardware) are different. Put simply, the evidence relating to what each party allegedly knew or should have known—and when—will be different for each defendant.

Courts frequently recognize the inflammatory nature of willfulness evidence and allegations. *E.g. Robert Bosch LLC v. Pylon Mfg. Corp.*, 2009 WL 2742750, at *1 n.3 (D. Del. Aug. 26, 2009) (Noting that "the burden imposed on a jury in a patent trial is extraordinary" and that "[w]illfulness is an intrusive and inflammatory issue to discover and try.").

HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY

[redacted] There is a high risk that Tarkus's unfounded allegations against each defendant will be combined in the jury's mind to indict both.

**c. Evidence Relating to Damages Differs Between Adobe and Canon**

[redacted]

[5] Exhibits to this brief are contained in the Declaration of Thomas A. Brown, filed herewith.

[Page content fully redacted]

**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY**

**d. Evidence Relating to Validity Does Not Detract from the Appropriateness of Severance**

Although the parties submitted a joint expert report on invalidity, that does not mean that the parties expect to focus on the same evidence relating to validity. For example, one prior art reference is Photoshop version 3.0, which predates the filing of the patent-in-suit by more than a year, and which includes a feature, "Auto Levels," whose functionality closely parallels that of the accused Adobe functionality. (Ex. B, Stevenson Report, at 23, 50-52, 68.) Adobe will likely present evidence and testimony regarding this feature. Canon may prefer to focus its invalidity case on different prior art references, especially if its accused products function in a way that is closer to one of the other references analyzed by the defendants' technical expert. While there may be some overlap, the parties' selection of prior art references and presentation of their invalidity defenses will be tailored to their individual trial themes. Thus, the fact that there may be some overlapping evidence on validity does not detract from the appropriateness of severance.

**e. Each of the Factors Supports Severance**

Thus, each of the relevant factors favors severance. (1) The issues to be tried are different from one another. This is especially true with respect to direct and indirect infringement and willfulness, but is also true with respect to validity, as the parties may emphasize different prior art references to complement their respective trial themes. (2) The documentary proof will differ for much the same reasons. While there are two overlapping witnesses, one (Professor Robert Stevenson) is the defendants' joint technical expert, who would not be overly burdened by testifying twice; and the other (Jack Holm) is Tarkus's principal and the named inventor on the patent-in-suit, who cannot complain if he is required to testify twice as a result of his decision to sue multiple defendants. (3) It is difficult to see what prejudice any other party would suffer as a result of severance. Indeed, each resulting trial will be more

streamlined and targeted, resulting in efficiencies for all parties. (4) Adobe will be prejudiced if severance is not granted because of the likelihood of juror confusion regarding potentially dispositive technical issues in the case, and also because of the strong likelihood that inflammatory evidence relating to one party's alleged *mens rea* will spill over to the other defendant.

**C. In the Alternative, Separate Trials Under Rule 42(b) Are Appropriate**

Since Tarkus's claims against Adobe and Canon are different, and should result in separate judgments (against Tarkus), severance under Rule 21 is the appropriate remedy. But if the Court disagrees, it should at minimum order separate trials under Rule 42(b), for the same reasons as explained above. In particular, separate trials would enhance jury comprehension of the complex technical issues in the case, and would reduce the prejudice to Adobe and Canon arising out of evidence relating to the other party's *mens rea* tending to inflame the jury and color its judgment.

**D. The Trial May Proceed in the Originally-Set Aside Period, With One Week Allocated to Adobe and One Week Allocated to Canon**

The Court need not adjust its trial schedule to accommodate Adobe's request. The Court has already set aside a two-week period for trial in this case. [REDACTED]

and Adobe is unlikely to present more than two or three fact witnesses. Both sides will likely present two expert witnesses: one on infringement and validity, and a second on damages. [REDACTED]

[REDACTED] Thus, both the Adobe and Canon trials may be completed in one week each.

HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY

Adobe submits that the case against it should proceed first. Adobe is the first-named defendant, and Tarkus seeks more damages from Adobe. Adobe perceives no prejudice to Canon or Tarkus from this arrangement, since different juries will consider the issues against each defendant separately.

## III. CONCLUSION

For the foregoing reasons, Adobe moves the Court to sever it from the case to pursue the remainder of the case through trial to conclusion, pursuant to Rules 20 and 21. Alternatively, Adobe asks the Court order separate trials under Rule 42(b).

Dated: April 6, 2012

FISH & RICHARDSON P.C.

By: /s/ Douglas E. McCann

Douglas E. McCann (#3852)
(dmccann@fr.com)
Fish & Richardson P.C.
222 Delaware Avenue, 17th floor
P.O. Box 1114
Wilmington, DE 19899-1114
Telephone: (302) 652-5070

Frank E. Scherkenbach
(scherkenbach@fr.com)
Thomas A. Brown
(tbrown@fr.com)
Fish & Richardson P.C.
One Marina Park Drive
Boston, MA 02110-1878
Telephone: (617) 542-5070

Robert J. Kent
(rjkent@fr.com)
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070

**Attorneys for Defendant and Counterclaimant ADOBE SYSTEMS, INC.**

**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY**