REDACTED

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

TARKUS IMAGING, INC.,

      Plaintiff,

  v.

ADOBE SYSTEMS, INC.;
CANON U.S.A., INC.;
NIKON AMERICAS, INC.; and
NIKON, INC.,

      Defendants.

C.A. No. 10-063-LPS

**FILED UNDER SEAL**

## TARKUS IMAGING, INC.'S OPPOSITION TO ADOBE SYSTEM, INC.'S MOTION TO SEVER OR FOR A SEPARATE TRIAL

Dated:  April 20, 2012

Henry E. Gallagher, Jr. (#495)
Chad S.C. Stover (#4919)
CONNOLLY, BOVE, LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE 19899
(302) 658-9141
hgallagher@cblh.com
cstover@cblh.com

Frederick A. Lorig
Steven M. Anderson
Sidford L. Brown
Richard H. Doss
Michael W. Gray
QUINN    EMANUEL    URQUHART    &
SULLIVAN, LLP
865 S. Figueroa Street, 10th floor
Los Angeles, CA 90017
fredlorig@quinnemanuel.com
stevenanderson@quinnemanuel.com
sidfordbrown@quinnemanuel.com
richarddoss@quinnemanuel.com
michaelgray@quinnemanuel.com

*Attorneys for Plaintiff, Tarkus Imaging, Inc.*

REDACTED

## TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ...................................................................................................1

II.    STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS ..........................1

III.    SUMMARY OF ARGUMENT ...............................................................................1

IV.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY ....................................4

V.    ARGUMENT .....................................................................................................6

    A.    Applicable Legal Standards ....................................................................6

    B.    The Claims Against Adobe Should <u>Not</u> Be Severed Because Joinder Is Proper And Common Issues Predominate Over Defendant-Specific Issues .........11

        1.    Adobe's strict interpretation of Rule 20(a) is improper and has already been rejected by this Court............................................................12

        2.    Contrary to Adobe's assertions, there is substantial overlap of the evidence relating to infringement, validity, and willfulness......................13

        3.    Joinder of the trial on damages would be efficient and would not create any undue risk of confusion ............................................................15

            a.    Damages issues common to Tarkus's claims against Adobe and Canon predominate over defendant-specific issues ................15

            b.    Adobe makes no showing of any undue risk of prejudice .............16

    C.    Separate Trials Of This Single Patent Suit Would Be Inconvenient, Prejudicial To Tarkus, Would Not Expedite And Economize Proceedings, And Thus Are Not Appropriate Under Rule 42(b) .................................................17

VI.    CONCLUSION..................................................................................................19

REDACTED

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

<u>Cases</u>

*Alford Safety Svcs., Inc. v. HotHed, Inc.*,
2010 WL 3418233 (E.D. La. Aug. 4, 2010) ........................................................12

*Bear Creek Technologies, Inc. v. RCN Commc'n*,
2011 WL 3626787 (E.D. Va. 2011)........................................................................8

*Ciena Corp. v. Corvis Corp.*,
210 F.R.D. 519 (D. Del. 2002) ........................................................................4, 19

*Dougherty v. Mieczkowski*,
661 F. Supp. 267 (D. Del. 1987)............................................................................7

*Golden Scorpio Corp. v. Steel Horse Bar & Grill*,
596 F. Supp. 2d 1282 (D. Ariz. 2009) ...................................................................8

*Helicos Biosciences Corp. v. Pacific Biosciences of Calif.*,
2011 WL 6758481 (D. Del. Dec. 22, 2011)..................................................2, 8, 13

*Imperium (IP) Holdings, Inc. v. Apple Inc.*,
2012 WL 461775 (E.D. Tex. Jan. 20, 2010).........................................................11

*Innovative Global Sys. LLC v. Turnpike Global Techs. L.L.C.*,
No. 6:09-cv-157, 2009 WL 3754886 (E.D. Tex. Oct. 20, 2009)....................2, 7, 13

*Interval Licensing LLC v. AOL, Inc.*,
2011 WL 1655713 (W.D. Wash. Apr. 29, 2011)................................................8, 10

*Lucent v Gateway*,
580 F.3d 1301 (Fed. Cir. 2009)...........................................................................18

*Mesa Computer Utils., Inc. v. Western Union Computer Utils.*,
67 F.R.D. 634 (D. Del. 1975) ................................................................................7

*Moore v. New York Cotton Exch.*,
270 U.S. 593 (1926)...............................................................................................7

*Mosley v. General Motors Corp.*,
497 F.2d 1330 (8th Cir. 1974) ...............................................................................7

*MyMail, Ltd. v. Am. Online, Inc.*,
223 F.R.D. 455 (E.D. Tex. 2004)..............................................................2, 12, 13

*Optimum Power Solutions LLC v. Apple Inc.*,
2011 WL 4387905 ............................................................................................8, 9

*Philips Elecs. N. Am. v. Contec Corp.*,
220 F.R.D. 415 (D. Del. 2004) ........................................................................2, 13

REDACTED

*SRI Int'l, Inc. v. Internet Sec. Sys., Inc.*,
   2005 WL 851126 (D. Del. Apr. 13, 2005)...............................................................2, 8, 13, 15

*Sorensen v. DMS Holding, Inc.*,
   2010 WL 4909615 (S.D. Cal. 2010) ......................................................................................10

*Sprint Commc'ns Co., L.P. v. Theglobe.com, Inc.*,
   233 F.R.D. 615 (D. Kan. 2006)...............................................................................................12

*Therma-Pure, Inc. v. Temp-Air, Inc.*,
   2010 WL 5419090 (N.D. Ill. Dec. 22, 2010)................................................................8, 9, 10

*United Mine Workers of Am. v. Gibbs*,
   383 U.S. 715 (1966).................................................................................................................7

*Wiav Networks v. 3Com Corp.*,
   2010 WL 3895047 (N.D. Cal. Oct. 1, 2010)................................................................3, 9, 10

## **Statutes**

Fed. R. Civ. P. 20(a) .......................................................................................................................7

Fed. R. Civ. P. 21............................................................................................................................8

REDACTED

## I.     INTRODUCTION

Tarkus Imaging, Inc., ("Tarkus") respectfully submits this brief in opposition to one of the two remaining defendants in this action—Adobe Systems, Inc.'s—motion to sever or for a separate trial.  (D.I. 353).  Canon did not join in Adobe's motion and has not filed a separate motion for severance or separate trials.

## II.     STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

Tarkus filed its complaint for infringement of a single patent, U.S. Patent No. 6,628,823, against Adobe Systems, Inc. ("Adobe") and Canon U.S.A., Inc. ("Canon").[1]  Fact and expert discovery is completed and trial is currently set to begin on June 18, 2012.

## III.     SUMMARY OF ARGUMENT

Defendant Adobe's motion should be denied because Tarkus's single patent case arises out of the same series of transactions or occurrences and present common questions of fact and law, thereby making it more time efficient and economical for the Court and all parties to have a single trial on the merits.  Tarkus asserts almost identical infringement allegations based on a single patent against logically related defendants who both participate in the digital image processing industry and create and sell accused products that do substantially the same thing, *i.e.*, process digital images.  In this case, the two remaining defendants, Adobe and Canon, have retained the same experts to testify at trial, who submitted a single invalidity report on behalf of both defendants.  Similarly, Plaintiff has only one damages expert, David Yurkerwich of Charles Rivers Associates, who based his damages estimate for both defendants on the same foundation,

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████

---

[1]     Tarkus also named Nikon, Inc. and Nikon Americas, Inc., who were subsequently dismissed after settling with Tarkus.

REDACTED

In similar circumstances, the Court previously has denied motions to sever based on the same facts as present here. In *SRI Int'l., Inc. v. Internet Sec. Sys., Inc.*, 2005 WL 851126, at *4 (D. Del. Apr. 13, 2005), where two defendants developed and sold separate and distinct accused products and moved to sever the patent infringement claims against them, the court, in denying the motion, reasoned "[i]t is the experience of this court that patents over the same technology often give rise to the same questions of law and fact (*e.g.*, same prior art references, same level of ordinary skill in the art.)." Similarly, in *Helicos Biosciences Corp. v. Pacific Biosciences of Calif.*, 2011 WL 6758481, at *3 (D. Del. Dec. 22, 2011), this Court denied defendant's motion to sever or stay "[i]n view of the commonalities in the accused technologies … as well as the overlap in the asserted patents." *See also MyMail, Ltd. v. Am. Online, Inc.*, 223 F.R.D. 455, 457 (E.D. Tex. 2004) (distinguishing *Philips Elecs. N. Am. v. Contec Corp.*, 220 F.R.D. 415 (D. Del. 2004), rejecting a *per se* rule that distinct accused products necessarily result in different transactions and occurrences and finding "a nucleus of operative facts or law in the claims against all the defendants"). Most importantly here, a single trial will best preserve the Court's and the parties' resources since otherwise the same issues of validity, infringement and damages will have to be tried twice in separate trials. "Although multi-defendant patent infringement cases may not involve precisely the same issues, there will be significant overlap and a familiarity with the patents could preserve time and resources." *Innovative Global Sys. LLC v. Turnpike Global Techs. L.L.C.*, No. 6:09-cv-157, 2009 WL 3754886, at *1 (E.D. Tex. Oct. 20, 2009) (internal quotation omitted).

The same is true here. Adobe and Canon are accused of infringing a single common patent. Indeed, every patent claim asserted against Canon (except claim 16) is asserted against Adobe. The same experts are testifying on behalf of both defendants and there is only one invalidity report and both defendants rely on only one expert to opine on infringement. Applying the very same claim against two defendants' products is not beyond the grasp of a jury, and a single trial would be more efficient for offering evidence of the asserted claims and the products that are accused of meeting those claims. Thus, this case is unlike the cases relied on by Adobe

REDACTED

where as many as 68 defendants had been improperly joined in the same case. *Se,e e.g., Wiav Networks v. 3Com Corp.*, 2010 WL 3895047, at *1 (N.D. Cal. Oct. 1, 2010).

Adobe's motion fundamentally misses a key issue in determining whether Tarkus's claims against Adobe and Canon should be severed into two separate cases. That is, Adobe's motion incorrectly focuses on alleged non-overlapping issues rather than on the extent of overlapping issues. It is the overlapping issues that are key to the determination. It is the overlapping issues that need be heard only once if the case remains joined, but which must be heard twice if the case is severed into two separate trials.

Here, the same patent is asserted against the only two remaining defendants, Adobe and Canon. All of the patent claims asserted against Canon are also asserted against Adobe, except for claim 16, which is only asserted against Canon. Both Adobe and Canon have asserted nearly identical defenses in this case and rely on the very same expert who prepared a single report addressing non-infringement for both defendants, and a single report addressing invalidity and unenforceability for both defendants, and relies on the same alleged prior art references. *See* D.I. 354 at 10. Tarkus also relied on the same experts for both infringement and validity issues. Accordingly, evidence and testimony regarding the relevant technological background, the '823 Patent, claim construction, validity, and other defenses raised by both defendants in this case involve common legal and factual questions that will be presented by the same witnesses and should be addressed in a single trial.

If this case is severed and the claims against the defendants proceed in separate trials, the judicial economy losses would be severe. The same expert, fact, and third-party witnesses would testify multiple times as to the same issues, *e.g*., the '823 Patent, the asserted claims, technology background, and common defenses—including validity and enforceability, and documentary evidence. Moreover, Adobe's prejudice arguments are greatly overstated and rely on the predicate that a competent jury could not keep straight limited issues and evidence specific to each of merely two parties.

REDACTED

Adobe also ignores the inconvenience to the parties and the Court, and the prejudice to Tarkus that separate trials before separate juries would impose.  Empanelling two separate juries to hear duplicative testimony from the same fact and expert witnesses relying on the same documentary evidence, including the same expert reports, to render a decision on the same issues (the '823 Patent, infringement, invalidity, enforceability, and same damages theories) flies in the face of judicial economy and efficiency.  Such redundancy would almost double the trial time, not to mention the increased costs Tarkus would incur in recalling its expert witnesses for two separate trials.

Adobe also fails to recognize the inherent risk that separate trials on the overlapping issues of infringement and validity could result in incongruent verdicts; not "the choice most likely to result in a just final disposition of the litigation."  D.I. 354 at 4-5 (citing *Ciena Corp. v. Corvis Corp.*, 210 F.R.D. 519, 521 (D. Del. 2002)).

Accordingly, the Court should deny Adobe's motion.

## IV. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Tarkus filed its complaint on January 26, 2010, asserting infringement of a single patent, U.S. Patent No. 6,628,823 ("the '823 Patent"), against multiple defendants of which only Adobe and Canon remain.  *See* D.I. 1.  The '823 Patent is directed to digital image processing methods. The allegations against both Adobe and Canon of direct infringement, indirect infringement and notice of the patent are substantially similar.  *See id*.  That is, Tarkus accused Adobe and Canon of willfully infringing various claims by making, using, selling, offering to sell, and importing into the United States products that employ the methods claimed in the '823 Patent.  The accused products of both Adobe and Canon are logically related insofar as they are software products that are used in computers and in various Canon printers.  Defendants, in their respective Answers, assert common defenses, which include non-infringement, invalidity and unenforceability of the '823 Patent, waiver, laches, estoppel, prosecution history estoppel, lack of standing and unclean hands.  *See* D.I. 20, 21.

REDACTED

There is a high degree of overlap between the facts and issues in this case.  First, the '823 Patent is the one and only patent asserted, and it is asserted against both defendants.  *See* D.I. 1 at 1.  Second, there is only a single independent claim in the '823 Patent, claim 1, and that claim is asserted against both Adobe and Canon.  Third, every claim asserted against Canon, apart from one dependent claim 16, is also asserted against Adobe.  The claims of the '823 Patent asserted against Adobe include:  1-8, 11, 13-15, 19, 22-25, 27, 31-40, and 45-48.  The claims of the '823 Patent asserted against Canon include:  1, 4-8, 16, 22, 23, 33, 34, and 45.

Fourth, there is substantial identity in the defenses asserted by Adobe and Canon, as shown graphically in the following chart.  *See* D.I. 20 at 6-8; D.I. 21 at 4-6.

| Defense | Adobe | Canon |
|---|---|---|
| Non-infringement | X | X |
| Invalidity Under 35 U.S.C. §§ 102, 103, and 112 | X | X |
| Unenforceability | X | X |
| Waiver | X | |
| Laches | X | X |
| Estoppel | X | X |
| Lack of Standing | X | X |
| Failure to State a Claim | | X |

Fifth, with respect to the defenses of invalidity, and unenforceability, Defendants have asserted the same theories, the same prior art and the same arguments in a single expert report prepared by the same technical expert, Dr. Stevenson.  *See* D.I. 355, ¶ 4, Exh. B.  Likewise, with respect to their non-infringement defenses, Defendants have relied on the same expert, Dr. Stevenson, who prepared a single report covering both Adobe and Canon.  *See* Declaration of Michael Gray ("Gray Dec.") ¶ 3, Exh. A (Stevenson Rebuttal Rpt.).  Tarkus has also relied on the same technical experts for infringement and validity, and the same damages expert, for both Adobe and Canon.  As detailed below, Tarkus's damages expert employed the same theories and methodologies and relied on much of the same evidence regarding reasonable royalties for his damages opinions regarding both Adobe and Canon.  *See* D.I. 355, ¶¶ 7-8, Exhs. E-F.  Although

REDACTED

Adobe and Canon rely on different damages experts, as explained below their underlying theories, facts, and evidence are substantially the same. Thus, there will be substantial overlap between the expert testimony that will be presented at trial.

Sixth, there is significant overlap between the Adobe and Canon accused products insofar as they are software products ███████████████████████████ perform methods for processing digital images using computers and standard displays, and in Canon's case, also use software resident in its accused printers. There is also overlap in the color encoding specifications that they use, e.g., the sRGB color encoding specification.

Seventh, there is also overlap among the fact witnesses that will be presented at trial. Tarkus expects to present only one fact witness, Jack Holm, who is Tarkus's principal and the named inventor on the '823 Patent. In addition to testifying about Tarkus and the '823 Patent, Mr. Holm will also testify about the facts supporting Tarkus's willfulness allegations against both Adobe and Canon. Adobe, also admits that it "is unlikely to present more than two or three fact witnesses." D.I. 354 at 11.

## V.    ARGUMENT

### A.    Applicable Legal Standards

Rule 21 of the Federal Rules of Civil Procedure ("FRCP") gives courts discretion to sever parties due to misjoinder. FRCP 20(a) provides that multiple defendants "may be joined in one action as defendants if:  (A) any right to relief asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences, and (B) any question of law or fact common to all defendants will arise in the action."  When considering joinder under Rule 20(a), "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties," as "joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966); *see also e.g., Innovative Global*, 2009 WL 3754886, at *1–2 ("declin[ing] to sever patent infringement claims due to concerns about judicial economy," explaining that because "[Plaintff]  assert[ed] the same allegation against each of the defendants"

who "ha[d] raised several similar affirmative defenses," "there will be significant overlap among the issues of claim validity, claim construction, and claim scope.").  "The liberal rule for joinder of parties is designed to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits.  Single cases generally tend to lessen the delay, expense and inconvenience to all concerned." *Dougherty v. Mieczkowski*, 661 F. Supp. 267, 277 (D. Del. 1987) (internal quotation omitted).

The same transaction or occurrence requirement of Rule 20(a) permits "all reasonably related claims for relief by or against different parties to be tried in a single proceeding."  *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974) ("[A]ll 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence.").  Moreover, "[t]ransaction is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Moore v. New York Cotton Exch.*, 270 U.S. 593, 610 (1926) (emphasis added).  This rule endows courts with considerable flexibility to determine whether the goal of judicial economy can be reconciled with the need to protect defendants from prejudice.  *See Dougherty*, 661 F. Supp. at 277-78.  In addition, by its terms Rule 20(a) only requires a single basis of commonality, in either law or fact, for the joinder to be acceptable and "does not require precise congruence of all factual and legal issues[.]" *Id.* at 278 (quoting *Mesa Computer Utils., Inc. v. Western Union Computer Utils.*, 67 F.R.D. 634, 637 (D. Del. 1975)); *see also* Fed. R. Civ. P. 20(a); *Mosley*, 497 F.2d at 1334.  Finally, the decision to sever or drop due to misjoinder is discretionary. *See* Fed. R. Civ. P. 21; *SRI Int'l.*, 2005 WL 851126, at *4.

"It is the experience of this court that patents over the same technology often give rise to the same questions of law and fact (e.g., same prior art references, same level of ordinary skill in the art)."  *SRI Int'l*, 2005 WL 851126, * 4(denying motion to sever); *see also Helicos Biosciences*, 2011 WL 6758481, at *3 (denying motion to sever or stay "[i]n view of the commonalities in the accused technologies … as well as the overlap in the asserted patents.").

REDACTED

Adobe cites a barrage of cases as examples to be followed in granting its motion to sever. Adobe br. at n.3.  However, a close look at the more recent of these cases shows several key distinguishing characteristics between them and the current procedural posture in the Tarkus case against Adobe and Canon.

First, in this case, there are only *two* defendants.  In *Optimum Power Solutions*, there were *five* defendants.  *Optimum Power Solutions LLC v. Apple Inc.*, 2011 WL 4387905, at *3. In *Therma-Pure*, there were *six* defendants. *Therma-Pure, Inc. v. Temp-Air, Inc.*, 2010 WL 5419090, at *1-2 (N.D. Ill. Dec. 22, 2010). In *Interval Licensing*, there were *eleven* different defendants.  *Interval Licensing LLC v. AOL, Inc.*, 2011 WL 1655713, at *2 (W.D. Wash. Apr. 29, 2011).  In *Bear Creek*, there were at least *twelve* defendants, even when the various Vonage entities are considered as one defendant group.  *Bear Creek Technologies, Inc. v. RCN Commc'n*, 2011 WL 3626787, at *1 (E.D. Va. 2011).  In *Golden Scorpio*, which did not involve patent infringement, there were *thirteen* "business entities spread across the United States" who were accused of "federal and common law trademark infringement, unfair competition, and trademark dilution."  *Golden Scorpio Corp. v. Steel Horse Bar & Grill*, 596 F. Supp.2d 1282, 1284 (D. Ariz. 2009).  Finally, in *Wiav Networks*, the plaintiff was "ordered to show cause why all but the first named defendant in this sprawling patent-infringement action against *68* different companies should not be dismissed for misjoinder." *Wiav Networks*, 2010 WL 3895047, at *1 (italics in original).  Although the court noted that *28* of the defendants had been dismissed, it still decided the joinder issue with respect to *40* remaining defendants.

Second, the *Optimum Power* court highlighted the logic stated in *Wiav*:  "the right of defendants to present 'individualized assaults on the question of non-infringement, invalidity, and claim construction.'"  *Optimum Power*, 2011 WL 4387905, at *2.  Here, Adobe and Canon chose

REDACTED

the same expert for non-infringement, and served a single joint non-infringement expert report. Adobe and Canon also chose the same expert for invalidity, and served a single joint invalidity expert report. They intentionally did not seek an "individualized assault" on invalidity or non-infringement of the patent.  Thus the reasoning in *Wiav* and *Optimum Power* does not apply here.

Third, this case is ready for trial.  In *Optimum Power*, the case was merely at the complaint stage.  The court noted that the "discovery issues would likely vary from company to company." *Optimum Power*, 2011 WL 4387905, at *2.  Here, discovery is complete.  Similarly, and contrary to Adobe's arguments, the *Therma-Pure* court specifically noted that "concerns about efficiency have prompted some courts to permit joinder solely on the grounds that multiple defendants were alleged to have infringed the same patent." *Therma-Pure*, 2010 WL 5419090, at *5.  But instead, because the *Therma-Pure* case was near the complaint stage, not ready for trial as in this case, the court found that plaintiff had not yet "clearly identif[ied] or describe[d] the allegedly infringing products or methods." *Id.*  On that basis, the *Therma-Pure* court found that the plaintiff might improperly benefit if discovery later proved that the accused products "differ[ed] significantly," and on that basis granted the motion to sever.  Such is not the case here.  Discovery is complete, the accused products are image processing software packages (or image processing software embedded in printers), thus the reasoning in *Therma-Pure* does not apply in the case of Adobe.  As an even more remote authority, Adobe cites *Sorensen v. DMS Holdings, Inc.*, where the court denied a plaintiff's motion to join a party as a defendant. *Sorensen v. DMS Holding, Inc.*, 2010 WL 4909615, at *1 (S.D. Cal. 2010).  The logic of refusing to add a new defendant at the beginning of a case is significantly different from the logic of severing a mere two defendants at the trial stage.

REDACTED

Fourth, as the court noted in *Interval Licensing*, the joinder rules can be different in each circuit, making the analysis in one circuit different from analyses in another circuit.  None of the cases Adobe cited in its footnote are from district courts in the Third Circuit.   Many were decided by district courts within the Ninth Circuit (*Optimum Power*, *Sorenson*, *Wiav Networks*, *Interval Licensing*, and *Golden Scorpio*), two were from the Seventh Circuit (*Rudd*, *Therma-Pure*), and the others were from various other courts.  In fact, the *Interval Licensing* specifically rejected decisions from outside the Ninth Circuit as "out of circuit and unpersuasive" and "not the state of law in the Ninth Circuit as to Rule 20."  *Interval Licensing*, 2011 WL 1655713, at *2.

Contrary to Adobe's argument, the recently passed Leahy-Smith America Invents Act ("AIA") does not preclude joinder in patent cases of multiple defendants with different accused products.  First, the act states that it seeks to "addresses problems occasioned by the joinder of defendants (sometimes **numbering in the dozens**)."  Report 112-98 to H.R. 1249 at 54 (emphasis added).  In this case, there are only *two* remaining defendants, not the **dozens** contemplated by the AIA.  The very language of the AIA itself shows that Congress did not intend to waste judicial resources by requiring that courts sever claims involving a single patent asserted against a mere two defendants.

Second, the act states that it seeks to "addresses problems occasioned by the joinder of defendants … who have tenuous connections…"  *Id.*  The accused Adobe products are image processing software, sold to the general public, and ███████████████████  The accused Canon products include image processing software either imbedded in printers or a separate stand-alone Canon image processing software product, each of which are sold to the general public, ██████████████████.  This is not the "tenuous connection" that the AIA sought to address.  Just this year, the Eastern District of Texas agreed,

REDACTED

and, in a case involving technology similar to accused technology in this case, denied a similar motion to sever.  In *Imperium (IP) Holdings, Inc. v. Apple Inc.*, 2012 WL 461775, at *3 (E.D. Tex. Jan. 20, 2010), the court considered the AIA purpose and applied it to a motion to sever. Where the technology in all of the accused products, but which were nonetheless different products from different defendants, relied on the "same technology for image sensors and image processors" which was integrated into the accused products, the court found that joinder was proper, even under the logic of the AIA.  *Id.* at *3 n.3.

Here, the technology is the same as in *Imperium* – technology for image processing. Both Adobe and Canon are alleged to use the same technology – the technology taught in the Tarkus '823 Patent – and incorporate that technology into their image processing software products.  Thus, the AIA, even if it did apply to this case, which it does not,[2] does not support the severing of Tarkus's claims against Adobe and Canon under the facts presented.

### B.   The Claims Against Adobe Should <u>Not</u> Be Severed Because Joinder Is Proper And Common Issues Predominate Over Defendant-Specific Issues

Adobe's motion fundamentally misses a key issue in determining whether Tarkus's claims against Adobe and Canon should be severed into two separate cases.  Adobe's motion incorrectly focuses on the extent of non-overlapping issues rather than on the scope of overlapping issues. A court is going to have to hear the non-overlapping issues once, without regard to whether the claims against the two defendants are severed.  It is the overlapping issues that are the key.  It is the overlapping issues that need be heard only once if the case remains joined, but which must be heard twice if the claims are severed into two separate cases.

---

[2]   Adobe's brief mistakenly asserts that the joinder provision of the AIA is retroactive.  It is not.  The AIA joinder provision, codified at 35 U.S.C. § 299, applies only to actions commenced on or after September 16, 2011.  Tarkus commenced its action on January 26, 2010, more than 18 months before the AIA effective date.  *See also Imperium (IP) Holdings*, 2012 WL 461775, at *3 (finding that the AIA was not retroactive and did not apply to actions commenced prior to September 16, 2011).

REDACTED

Here, joinder was proper as Tarkus's claims arise out of the same transaction, occurrence, or series of occurrences (infringement of the '823 Patent) and there is no genuine dispute that there are numerous questions of law and fact common to both defendants (e.g., infringement, validity, and damages).  Tarkus is asserting the very same causes of action, infringement and willfulness with respect to the same patent (and nearly identical claims except one) against both defendants who have asserted nearly identical defenses—invalidity and unenforceability.

## 1.  Adobe's strict interpretation of Rule 20(a) is improper and has already been rejected by this Court

Adobe essentially argues that joinder of defendants accused of infringing the same patent should be limited to only those who have acted in concert, engaged in a conspiracy or induced each other to infringe. (D.I. 354 at 5).  Such a rule would improperly preclude joinder of multiple defendants in the vast majority of patent infringement cases.  Adobe's proposed standard is far too narrow and does not recognize the realities of a patent suit.  *See, e.g., Alford Safety Svcs., Inc. v. HotHed, Inc.*, 2010 WL 3418233, at *9 (E.D. La. Aug. 4, 2010); *Sprint Commc'ns Co., L.P. v. Theglobe.com, Inc.*, 233 F.R.D. 615, 617 (D. Kan. 2006); *MyMail, Ltd.*, 223 F.R.D. 455, 457 (E.D. Tex. 2004).

This Court has already rejected Adobe's proposed approach in *SRI Int'l*, specifically finding that "common transactions or occurrences, and questions of fact or law" existed in a two defendant case absent any indication that the accused infringers were related or acted together.  *See SRI Int'l*, 2005 WL 851126, at *4.  In fact, *SRI Int'l* presented a more persuasive case for severance than here, given that the patentee did not assert each of the four patents at issue against both accused infringers.  *See id.*  Nevertheless, this Court—as well as many others in analogous cases—recognized similarities in the patents asserted, the infringement allegations and the defendants' defenses, and found joinder proper.  *See id.* ("It is the experience of this court that patents over the same technology often give rise to the same questions of law and fact (e.g., same prior art references, same level of ordinary skill in the art."));  *see MyMail, Ltd.*, 223 F.R.D. at 457 (distinguishing *Philips Elecs. N. Am. v. Contec Corp.*, 220 F.R.D. 415 (D. Del. 2004),

rejecting a *per se* rule that distinct accused products necessarily result in different transactions and occurrences and finding "a nucleus of operative facts or law in the claims against all the defendants"); *Innovative Global*, 2009 WL 3754886, at *1 ("Although multidefendant patent infringement cases may not involve precisely the same issues, there will be significant overlap and a familiarity with the patents could preserve time and resources.") (internal quotation omitted). Thus, Adobe's improperly narrow interpretation of Rule 20(a) has already been rejected by this Court and should be rejected again here.

> **2.    Contrary to Adobe's assertions, there is substantial overlap of the evidence relating to infringement, validity, and willfulness**

This Court has previously denied motions to sever based on the same facts as are present here. In *SRI Int'l*, 2005 WL 851126, at *4, defendants ISS-DE and Symantec developed and sold separate and distinct accused products and moved to sever the patent infringement claims against them. *Id*. at *1-2. This Court did not apply the *per se* rule that Adobe proposes, that infringement by separate accused products are necessarily separate transactions and occurrences. Instead, this Court found that there were common transactions and occurrences because there were infringement claims against both defendants under two common patents and the accused products involved the same technology, computer network protection systems. *Id*. at *4. Similarly, in *Helicos Biosciences*, 2011 WL 6758481, at *3, this Court denied defendant Life's motion to sever or stay "[i]n view of the commonalities in the accused technologies … as well as the overlap in the asserted patents." *Id*.

The same is true here. Adobe and Canon are accused of infringing a single common patent. Indeed, every patent claim asserted against Canon (except claim 16) is asserted against Adobe. Applying the very same claim against two defendants' products is not beyond the grasp of a jury, and a single trial would be more efficient for offering evidence of the asserted claims and the products that are accused of meeting those claims. Additionally, the defendants and their respective accused products are logically related in that Adobe and Canon both participate in the digital image processing industry and create and sell accused products that do substantially the

REDACTED

same thing, *i.e.*, process digital images, and thus involve substantially similar technology. Moreover, both defendants' accused products ████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████ Likewise various color encoding specifications are the same for both defendants' accused products.  That is, the color encoding specification "sRGB" is used by both parties' accused products.  The mere fact that Tarkus has accused certain Canon printers, as Adobe asserts (Adobe Br. at 1, 8), is a red herring.  Like the Adobe accused software, it is the functionality of the accused Canon software and the same software functionality that the accused Canon printers use in employing the patented methods that is at issue in this case.

Additionally, there is significant overlap between the technical expert testimony that will be presented at trial.  As Adobe admits, "[b]oth sides will likely present two expert witnesses: one on infringement and validity, and a second on damages."  (Adobe Br. at 11).  Defendants served a single non-infringement report from a single expert, Robert Stevenson, who opined regarding infringement of the accused products of both Adobe and Canon.  Dr. Stevenson also served a single report for both defendants regarding validity issues offering the same theories regarding validity and relying on the very same alleged prior art for both defendants.  Likewise, Tarkus has employed the same technical experts for infringement and validity issues with respect to both Adobe and Canon.  Thus, if this case were severed the parties' technical experts would have to testify multiple times in two separate proceedings on issues concerning the relevant technological background, infringement issues, and validity issues, including the same prior art, and the same documents pertaining to defendants' indefiniteness and written description arguments.

There is also significant overlap among the fact witnesses that will be presented at trial. Tarkus expects to call, Jack Holm, who is Tarkus's principal and the named inventor on the '823 Patent, who will testify about issues common to both defendants.  For example, Mr. Holm is expected to testify about Tarkus Imaging Inc., the inventions of the '823 Patent, and the facts

supporting Tarkus's willfulness allegations against both Adobe and Canon.  Adobe, on the other hand, admits that it "is unlikely to present more than two or three fact witnesses."  D.I. 354 at 11. Thus, contrary to Adobe's predictions about juror capabilities, with such few witnesses, jurors clearly will be able to keep straight which party each fact and expert witness is testifying about. Likewise, jurors will readily be able to distinguish the accused products, which do not share the same name.  Throughout this litigation, Adobe's accused products have been referred to as those that contain the "Adobe Camera Raw plug-in" and Canon's accused products have been referred to as those that employ the Auto Image Fix and/or Auto Photo Fix feature.

Accordingly, under this Court's reasoning of *SRI Int'l*, the claims against Adobe and Canon satisfy the "same transaction or occurrence" requirement and there is no genuine dispute that there are common issues of law and fact.  *See SRI Int'l.*, 2005 WL 851126, at *4.

> ### 3. Joinder of the trial on damages would be efficient and would not create any undue risk of confusion

>> #### a. Damages issues common to Tarkus's claims against Adobe and Canon predominate over defendant-specific issues

Adobe's motion identifies certain damages issues specific to each of the two defendants. But these issues are either not disputed, or even if disputed, will at most take up a very small part of the trial of the damages issues.

- Adobe and Canon sell different products (Adobe Br. at 8-9).  While there are disputed issues that will be tried (the two defendants do sell different products, and there are some issues that are consequently different), this one substantive issue is small in comparison to the scope of the common issues explained throughout this brief.

- Date of first infringement is different (Adobe Br. at 9).  It is correct that the dates of first infringement were different, but neither defendant has suggested that this affects anything more than the length of the damages period and consequently the period during which sales would be infringing.  This is not a case where there were some material changes in relevant circumstances that makes the date of first infringement critical for determining the value of the technology at issue.

- Adobe and Canon sales volumes and profits are different (Adobe Br. at 9).  These facts are certainly different for the two defendants, but they are not the subject of any substantial dispute.  Tarkus accepted financial information provided by the defendants, and the defendants have neither disputed their own financial information nor suggested that they disagreed with Tarkus's interpretation.

REDACTED

Adobe's motion fails to address the extent of the damages issues that are shared across the claims against the two defendants.   The key issues for trial relate to ██████████████████ ████████████   which is common to both defendants.  Plaintiff's damages expert relied on █ ████████████████████████████████  ████████████████████████ ████████████████          ██████████████████ ██████████  ████████  ████████████████████ ████████████   *See* Gray Dec. ¶ 4, Exh. B (Barnes Expert Rpt., at §§ III.B and IV.D); ¶ 5, Exh. C (Gerardi Expert Rpt. at § 5.B.ii.a.ii, and 7.E).

████████████████████████████████████████ ████████████████████████  ████████████████████ ████████████████████████████████████████ ██████████   *See id.* ¶ 4, Exh. B (Barnes Expert Rpt. at § IV.D (1) – (3)); ¶ 5, Exh. C (Gerardi Expert Rpt. at § 7.E.ii).

The common facts predominate over the defendant-specific facts.   ██████████████ ████████████████████████████████████████ ██████████████████████████   That is common across both defendants. Section III.B is entitled ██████████████████████████████████ ████████████████████████████████████████ ████████   These sections make up 30 of the 45 pages of the facts that Adobe's damages expert deemed relevant.

### b.   Adobe makes no showing of any undue risk of prejudice

Adobe's argument of prejudice does not reflect due respect for a jury's capabilities. Keeping track of which financials apply to Canon's printers and which apply to Adobe's software is well within the capabilities of a jury, and among the least complicated of the issues that the parties will rely upon the jury to understand and decide.

Adobe's argument that allowing the jury to hear Tarkus's damage claims against both defendants would imply judicial approval of that claim mischaracterizes Tarkus's damages claim

REDACTED

and fails to explain why hearing both claims would imply judicial approval.  The calculation to which Adobe refers is Mr. Yurkerwich's count of infringing products.  Each unit counted by Mr. Yurkerwich comprises a sale of infringing software.  Since Canon ██████ bundle their infringing software with hardware (printers for Canon ████████████ ), and Adobe ████████████████████████████████████ Mr. Yurkerwich based his estimates of the scope of infringing sales by the three companies on the basis of that which was common – namely, units of the infringing software that was sold by each company.

The two defendants' arguments regarding this part of Tarkus's damages models are quite similar. ████████████████████████████████████

████████████████████████████████████

██████████████  *See* Gray Dec. ¶ 4, Exh. B (Barnes Report at ¶96); ¶ 5, Exh. C (Gerardi Report at § 7.E.ii.a).  Not only are these arguments very similar, and hence points in favor of joinder and against severing, they are contrary to law and should therefore not be a part of any trial, either joined or severed.  *See Lucent v Gateway*, 580 F.3d 1301, 1325 (Fed. Cir. 2009) (holding that a lump sum reasonable royalty is determined according to the same *Georgia Pacific* factors applicable to a running-royalty calculation, including the extent of the defendant's use of the patented technology.).

### C. Separate Trials Of This Single Patent Suit Would Be Inconvenient, Prejudicial To Tarkus, Would Not Expedite And Economize Proceedings, And Thus Are Not Appropriate Under Rule 42(b)

Adobe's alternate argument for separate trials before separate juries (D.I. 354 at 11-12) fails for the same reasons set forth above and for the additional reasons that separate trials would not expedite and economize proceedings, but would be inconvenient for the Court and the parties and substantially prejudice Tarkus, which is in contradiction to Rule 42(b) of the Federal Rules of Civil Procedure, which provides:  "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, cross-claims, counterclaims, or third-party claims."

REDACTED

Adobe provides absolutely no explanation of how separate trials would be more convenient, expedite and economize proceedings for the Court or the parties.  Indeed, the opposite is true.  Separate trials before separate juries would require substantial redundancy in the presentation of evidence and testimony of the issues germane to Tarkus's suit against both Adobe and Canon.  In particular, the same expert witnesses and many of the same fact witnesses would have to present the very same testimony and documentary evidence before two separate juries.

As detailed above, there are substantially overlapping issues of fact and law that would have to be re-tried before a separate jury, including retrying the issues of validity and enforceability of the same patent, not to mention empanelling a separate jury and presenting background testimony and evidence regarding the relevant technology and the same asserted claims.  Furthermore, separate trials would be prejudicial to Tarkus, who would have to prepare and re-try its case against a second defendant before a separate jury in back-to-back weeks, and recall most of the same fact and expert witnesses.  Recalling expert witnesses to repeat the same testimony in a second trial would obviously increase the costs to Tarkus and waste judicial resources.

Adobe's proposed allocation of two separate trials in the originally scheduled two-week time period highlights the inefficiency of Adobe's request.  By asking the Court to conduct two separate trials before two separate juries, which will both hear substantially the same testimony from the same fact and expert witnesses relying on much the same documentary evidence, to render a decision on the same issues (the '823 Patent, infringement, invalidity, enforceability, and same damages theories) cannot be characterized as judicial economy and efficiency for the Court or the parties.

REDACTED

Moreover, separate trials before distinct juries could result in conflicting rulings in the two cases concerning issues of validity and enforceability of the '823 Patent, which is not "the choice most likely to result in a just final disposition of the litigation." *See* D.I. 354 at 4-5 (citing *Ciena Corp.*, 210 F.R.D. at 521 (internal citation omitted)).

For these reasons and the reasons discussed above with respect to severance, Adobe's request in the alternative for separate trials should be rejected.

## VI.   CONCLUSION

Joinder of defendants in this case is proper because Adobe's and Canon's claims all arise out of the same series of transactions or occurrences—defendants' infringement of a single patent—and present common questions of fact and law.   The improperly strict standard for joinder proposed by Adobe would preclude joinder of defendants in most patent infringement cases, has already been rejected by this Court and others, and undermines the permissive joinder standard of Rule 20(a).   The judicial economy losses that would result from severance or separate trials are severe and Adobe's arguments regarding potential juror confusion and prejudice lack merit.   For these and the above detailed reasons, Tarkus respectfully requests that the Court deny Adobe's motion to sever or for separate trails.

Dated:  April 20, 2012                              CONNOLLY, BOVE, LODGE & HUTZ LLP

*/s/ Chad S.C. Stover*
Henry E. Gallagher, Jr. (#495)
Chad S.C. Stover (#4919)
Connolly, Bove, Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE 19899
(302) 658-9141
hgallagher@cblh.com
cstover@cblh.com

Frederick A. Lorig
Steven M. Anderson
Sidford L. Brown
Richard H. Doss

REDACTED

Michael W. Gray
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th floor
Los Angeles, CA 90017
fredlorig@quinnemanuel.com
stevenanderson@quinnemanuel.com
sidfordbrown@quinnemanuel.com
richarddoss@quinnemanuel.com
michaelgray@quinnemanuel.com

*Attorneys for Plaintiff, Tarkus Imaging, Inc.*

REDACTED

## CERTIFICATE OF SERVICE

I, Chad S.C. Stover, hereby certify that on April 20, 2012, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the registered attorney(s) of record that the document is available for viewing and downloading from CM/ECF, and was also served as follows:

## VIA ELECTRONIC MAIL

Douglas E. McCann
Fish & Richardson P.C.
222 Delaware Avenue, 17th floor
P.O. Box 1114
Wilmington, DE 19899
(302) 652-5070
dmccann@fr.com

Robert J. Kent
Fish Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
(650) 839-5070
rkent@fr.com

Frank E. Scherkenbach
Thomas A. Brown
Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110
(617) 521-7834
scherkenbach@fr.com
tbrown@fr.com

Richard L. Horwitz
David Ellis Moore
Potter Anderson & Corroon, LLP
1313 N. Market St., Hercules Plaza,
6th Flr.
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

Christopher E. Chalsen
Christopher J. Gaspar
Nathaniel Browand
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY  10005-1413
cchalsen@milbank.com
cgaspar@milbank.com
nbrowand@milbank.com

*/s/ Chad S.C. Stover*
Chad S.C. Stover (#4919)

REDACTED

## Briefs, Responses and Replies

1:10-cv-00063-LPS Tarkus Imaging Inc. v. Adobe Systems Inc. et al
PATENT


### U.S. District Court

### District of Delaware

**Notice of Electronic Filing**

The following transaction was entered by Stover, Chad on 4/20/2012 at 7:17 PM EDT and filed on 4/20/2012

| | |
|---|---|
| **Case Name:** | Tarkus Imaging Inc. v. Adobe Systems Inc. et al |
| **Case Number:** | 1:10-cv-00063-LPS |
| **Filer:** | Tarkus Imaging Inc. |
| **Document Number:** | 358 |

**Docket Text:**
**SEALED ANSWERING BRIEF in Opposition re [353] MOTION to Sever *Or For A Separate Trial* filed by Tarkus Imaging Inc..Reply Brief due date per Local Rules is 4/30/2012. (Attachments: # (1) Certificate of Service)(Stover, Chad)**


**1:10-cv-00063-LPS Notice has been electronically mailed to:**

Chad S.C. Stover    cstover@cblh.com, awalker@cblh.com, dkt@cblh.com, lfuchs@cblh.com

Christopher E. Chalsen    cchalsen@milbank.com

Christopher J. Gaspar    cgaspar@milbank.com, stoyama@milbank.com

David Ellis Moore    dmoore@potteranderson.com, lfernandes@potteranderson.com, ntarantino@potteranderson.com, shamlin@potteranderson.com

Douglas Edward McCann    dmccann@fr.com, hedden@fr.com, kilby@fr.com, manis@fr.com, pclark@fr.com, sbradley@fr.com

Frederick A. Lorig    fredericklorig@quinnemanuel.com, melaniedolmans@quinnemanuel.com

Gauri M. Dhavan    dhavan@fr.com

Henry E. Gallagher , Jr    hgallagher@cblh.com, bdavis@cblh.com

Michael Gray    michaelgray@quinnemanuel.com

REDACTED

Nathaniel T. Browand      nbrowand@milbank.com

Richard H. Doss      richarddoss@quinnemanuel.com

Richard L. Horwitz      rhorwitz@potteranderson.com, iplitigation@potteranderson.com,
lfernandes@potteranderson.com, mbaker@potteranderson.com, shamlin@potteranderson.com

Robert J. Kent      rjkent@fr.com, cms@fr.com

Robert M. Oakes      Oakes@fr.com, hedden@fr.com, jrm@fr.com, kxk@fr.com, pclark@fr.com,
sub@fr.com

Sidford L. Brown      sidfordbrown@quinnemanuel.com

Steven M. Anderson      stevenanderson@quinnemanuel.com

Thomas A. Brown      tbrown@fr.com, kryan@fr.com

**1:10-cv-00063-LPS Filer will deliver document by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:CMECF.widgit.ProcessingWindowDestroy() RONG>n/a**
**Electronic document Stamp:**
**[STAMP dcecfStamp_ID=1079733196 [Date=4/20/2012] [FileNumber=1464934-0**
**] [2d438d2321bcd31698740a3a20dcb74f561fe3994c7573f4a2ce28a960fb29b5e6e**
**6b556d43f7062022e1d1113ab2da19b732ae894d4d10ca2da72be922ef677]]**
**Document description: Certificate of Service**
**Original filename:n/a**
**Electronic document Stamp:**
**[STAMP dcecfStamp_ID=1079733196 [Date=4/20/2012] [FileNumber=1464934-1**
**] [1d571c55f7de5d3e6e4f2baa3c8cffd2d9db08bc0d5e5e228a890a69d7236376b19**
**f8f3600cf50e247d9ab4abe4735ab25f9a3cf0d8c2156ab148ec7447af207]]**