IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TARKUS IMAGING, INC. | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 10-63-LPS |
| | : | |
| ADOBE SYSTEMS, INC.; | : | |
| CANON U.S.A., INC.; | : | |
| NIKON AMERICAS INC.; and | : | |
| NIKON, INC. | : | |
| | : | |
| Defendants, | : | |

## MEMORANDUM ORDER

At Wilmington this 5th day of June, 2012:

Pending before the Court is a Motion for Summary Judgment of No Willful Infringement filed by defendant Adobe Systems, Inc. ("Adobe").[1] (D.I. 224) For the reasons discussed below, the Court will **GRANT** Adobe's Motion for Summary Judgment of No Willful Infringement.

### I. LEGAL STANDARDS

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 415 U.S. 574, 586 n.10 (1986). A party asserting that a fact cannot be – or, alternatively, is – genuinely disputed

---

[1] Various other motions remain pending in this case, which this Memorandum Order does not address.

1

must support its contention either by citing to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motions only), admissions, interrogatory answers, or other materials," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) & (B). If the moving party has carried its burden, the nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 415 U.S. at 587 (internal quotation marks omitted). The Court will "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

To defeat a motion for summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586-87; *see also Podohnik v. U.S. Postal Service*, 409 F.3d 584, 594 (3d Cir. 2005) ("[The nonmovant] must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue.") (internal quotation marks omitted). However, the "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment;" a factual dispute is genuine only where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 411 U.S. 242, 247-48 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (internal citations omitted); *see also Celotex Corp. v. Catrett*, 411 U.S. 317, 322 (1986) (stating

2

entry of summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial"). Thus, the "mere existence of a scintilla of evidence" in support of the non-moving party's position is insufficient to defeat a motion for summary judgment; there must be "evidence on which the jury could reasonably find" for the non-moving party. *Anderson*, 477 U.S. at 252.

## II. DISCUSSION

In *In re Seagate Technology, LLC*, 497 F.3d 1360 (Fed. Cir. 2007), the Federal Circuit set forth a two-prong test for establishing willful infringement. In order to meet the first prong, the plaintiff must show "by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *Id.* at 1371. If the first prong is satisfied, the plaintiff must next establish "that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer." *Id.* If, however, the first prong cannot be shown, then the Court should not put the issue of willfulness – including the second "subjective" prong – before a jury. *See Powell v. Home Depot U.S.A., Inc.*, 663 F.3d 1221, 1236 (Fed. Cir. 2011) ("Since *Seagate*, [the Federal Circuit] has required patentees to prove the objective prong of the willful infringement inquiry by clear and convincing evidence ***as a predicate to the jury's consideration of the subjective prong***.... Should the court determine that the infringer's reliance on a defense was not objectively reckless, ***it cannot send the question of willfulness to the jury***, since proving the objective prong is a predicate to consideration of the subjective prong.") (emphasis added).

3

The Court concludes that the first prong of *Seagate* cannot be satisfied here due to Adobe's assertion of reasonable claim construction positions under which Adobe would not infringe U.S. Patent No. 6,628,823 (the "patent-in-suit")[2] and credible non-infringement theories even under the Court's different constructions. "The objective and subjective willfulness questions should be sent to the jury only when the patentee proves by clear and convincing evidence that the objective prong of *Seagate* is met as to the legal issues that have been decided by the Court." *Id.* at 1237 n.1. As Tarkus "has failed to meet the threshold objective prong of *Seagate*," *Uniloc USA Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1310 (Fed. Cir. 2011), summary judgment of no willful infringement will be granted to Adobe.

Adobe proposed reasonable constructions for the claim terms "output device" and "pictorial dynamic range" under which Adobe's accused products would not infringe. (*See* D.I. 225 at 4-5) Although the Court did not ultimately adopt Adobe's constructions for these terms (*see* D.I. 367 at 16-19), the fact that Adobe asserted reasonable constructions under which its products would not infringe precludes a finding that the first prong of *Seagate* is satisfied. *See Cohesive Techs., Inc. v. Waters Corp.*, 543 F.3d 1351, 1374 (Fed. Cir. 2008) (determining that "because [disputed claim term] was susceptible to a reasonable construction under which [defendant's] products did not infringe, there was not an objectively high likelihood that [defendant's] actions constituted infringement"). The Court held a *Markman* hearing during which it heard extensive argument from both sides, spent significant time deciding the proper construction of disputed terms, and issued a detailed Memorandum Opinion addressing claim

---

[2]The reasonableness of a party's claim constructions is a question of law for the Court to determine. *See Powell*, 663 F.3d at 1236.

4

construction, all attesting to the reality that, in this case, "the proper claim construction was a sufficiently close question to foreclose a finding of wilfulness." *Id.* at 1374 n.4.

Moreover, Adobe asserts reasonable arguments that, even under the Court's claim construction, Adobe's accused products do not infringe because they do not meet three limitations of claim 1 of the patent-in-suit. Specifically, Adobe contends that its accused products do not: (1) obtain density capabilities of an output device; (2) determine a reproduction pictorial dynamic range from density capabilities of an output device; or (3) compare an original pictorial dynamic range with a reproduction pictorial dynamic range. (*See* D.I. 225 at 3) Because Adobe asserts credible, reasonable non-infringement theories, the first prong of *Seagate* cannot be satisfied.[3] *See Uniloc*, 632 F.3d at 1310 ("If the accused infringer's position is susceptible to a reasonable conclusion of no infringement, the first prong of *Seagate* cannot be met."). This is true even if the Court or a jury ultimately rejects Adobe's non-infringement theories. *See generally, e.g., Spine Solutions, Inc. v. Medtronic Sofamor Danek USA, Inc.*, 620 F.3d 1305, 1319-20 (Fed. Cir. 2010) (upholding grant of judgment as matter of law of no willful infringement where there was substantial question of obviousness of patent despite jury's finding of non-obviousness); *DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F.3d 1314, 1336-37 (Fed. Cir. 2010) (upholding grant of judgment as matter of law on willful infringement where defendant "presented a substantial question" of non-infringement under doctrine of equivalents, even though jury found infringement by equivalence).

---

[3]These arguments are the subject of Adobe's pending motion for summary judgment of non-infringement. (D.I. 220) Although the Court has not yet ruled on that motion, the Court has concluded that Abode's non-infringement positions articulated therein are reasonable, even if they may not be dispositive.

5

Tarkus's efforts to defeat Adobe's motion are unavailing. Tarkus attempts to distinguish the cases on which the Court relies by observing, correctly, that nearly all of them involved a ruling of no willful infringement only after the willfulness evidence had been heard. That is, the precedents involved motions for judgment as a matter of law made either during or after trial. In the Court's view, this is a distinction without a difference, as one of the defenses on which Adobe relies – non-infringement based on reasonable proposed claim construction – presents an issue the Court can resolve as a question of law. *See Powell*, 663 F.3d at 1236-37 ("The court decided issues of claim construction and inequitable conduct, neither of which was before the jury. Thus, while the jury was in a position to consider how the infringement case weighed in the objective prong analysis, on other components – such as claim construction – the objective prong question was properly considered by the court."); *Solvay, S.A. v. Honeywell Specialty Materials LLC*, 827 F. Supp. 2d 358, 366 (D. Del. 2011) (granting summary judgment of no willful infringement because defendant "presented a credible invalidity defense, precluding a finding of objective recklessness despite the Federal Circuit's ultimate rejection of the defense").

Tarkus also points to purported genuine disputes of material fact. (*See* D.I. 240 at 6, 9, 13) There are, indeed, genuine disputes of material fact, but each of them relate solely to *Seagate*'s second prong, an inquiry that must not be put before the jury given Tarkus's failure to satisfy the first prong.

Tarkus also contended during the hearing that some sort of "subjective prerequisite" exists before the Court may even turn to the first prong. (*See* PreTrial Conference Hr'g Tr., June 1, 2012 at 79) ("Tr.") Although not entirely clear, the Court understands Tarkus's position to be that Adobe has a burden of showing that it subjectively believed it had reasonable non-

6

infringement positions prior to the initiation of this litigation, and there is no such evidence in the record. The answer to this is simply that it is not the law (and Tarkus has cited no authority for it). *See generally Seagate*, 497 F.3d at 1397 ("The state of mind of the accused infringer is ***not relevant*** to this [first-prong] objective inquiry.") (emphasis added).[4]

Finally, Tarkus relies on Judge Farnan's opinion in *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 725 F. Supp. 2d 474 (D. Del. 2010). In the course of finding willful infringement, Judge Farnan stated: "the Court understands the post-suit reasonableness of a parties' defenses to be only one factor among the totality of the circumstances to be considered in determining willful infringement. In the Court's view, a contrary approach to willful infringement . . . would negate the ability of a patentee to prove willful infringement in any hard fought and hotly contested patent litigation." *Id.* at 480. The instant case does not require the

---

[4]Although Tarkus has not fully articulated its position, it seems that Tarkus is arguing that there is an absence of evidence that Adobe ***relied*** on a reasonable belief of non-infringement. (*See* Tr. at 78-79) ("I think you have to have at least one statement from one Adobe witness or one Canon witness saying we didn't believe we infringed because . . . and then you find it was objectively reasonable. . . . Here, it just was not. There is no foundation. There is nobody who said we didn't do this because we thought we didn't infringe. So you don't get to the objective test because there isn't any foundation. Somebody has to say it. It can't be a lawyer after-the-fact rationalization.") While Tarkus does not do so, it is possible to identify statements in binding precedent that, arguably, suggest that reliance is relevant to the Court's inquiry. *See Powell*, 663 F.3d at 1236 ("Under the objective prong, the answer to whether an accused infringer's reliance on a particular issue or defense is reasonable is a question for the court when the resolution of that particular issue or defense is a matter of law."); *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 860 (Fed. Cir. 2010), *aff'd on other grounds*, --- U.S. ----, 131 S. Ct. 2238 (2011) ("Based on its own assessment of the evidence and Microsoft's defenses, the jury was free to decide for itself whether Microsoft reasonably believed there were any substantial defenses to a claim of infringement."). Tarkus has not made this argument. Moreover, it is difficult to see how Adobe could have an affirmative burden of proving its subjective reliance as part of the first-prong inquiry of *Seagate*, given that: the burden on willful infringement is on Tarkus; the first prong is described as an "objective" prong; the state of mind of Adobe is not relevant to the first prong; and the Court may only proceed to the subjective second-prong inquiry if the objective prong is first established.

Court to take a position on the broad proposition stated by Judge Farnan. It is enough for present purposes to point out that *Power Integrations* pre-dates several of the Federal Circuit decisions on which the Court has relied today (e.g., *Powell*, *Uniloc*). Additionally, in *Power Integrations* – unlike here – "a clear separation" between the evidence proffered on the objective and subjective prongs was not "possible," and "the evidence of copying [was] so strong . . . and the evidence related to counsel's opinion letters and measures taken by Fairchild to avoid infringement so weak, that it [was] hard to understand how one could objectively believe such actions would not constitute a high likelihood of infringement." *Id.* at 480-81.

## III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Adobe's Motion for Summary Judgment of No Willful Infringement (D.I. 224) is **GRANTED**.

_____
UNITED STATES DISTRICT JUDGE