## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TARKUS IMAGING, INC. | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 10-63-LPS |
| | : | |
| ADOBE SYSTEMS, INC.; | : | |
| CANON U.S.A., INC.; | : | |
| NIKON AMERICAS INC.; and | : | |
| NIKON, INC. | : | |
| | : | |
| Defendants, | : | |

## <u>ORDER</u>

At Wilmington this 14th day of June, 2012,

For the reasons set forth below, **IT IS HEREBY ORDERED** that:

1.      Federal Rule of Evidence 702 governs testimony by experts, and requires that expert testimony be (1) based upon sufficient facts or data, (2) the product of reliable principles and methods, and (3) the reliable application of those principles and methods to the facts of the case. "Determinations regarding the weight to be accorded, and the sufficiency of, the evidence relied upon by the proffered expert, are within the sole province of the jury." *Walker v. Gordon*, 46 Fed. Appx. 691, 695 (3d Cir. Sept. 17, 2002); *see also Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1306 (Fed. Cir. 2011) (stating once Court determines expert is qualified to give testimony, "[i]t is decidedly the jury's role to evaluate the weight to be given to the testimony"). The weight and credibility of an expert's testimony may be challenged through "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof."

1

*Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 596 (1993).

2.      Canon's *Daubert* motion (D.I. 274) seeking to preclude Mr. Giorgianni from opining that his own review of Canon's source code is evidence of infringement is **DENIED**. Mr. Giorgianni is qualified to give expert testimony on Canon's source code based on his fifty years of experience in writing, reading, and analyzing computer programs as well as his experience at Eastman Kodak writing computer programs to model and optimize color imaging media and color imaging systems. (*See* D.I. 304 ¶¶ 7-9) Mr. Giorgianni permissibly relied on fellow expert William Elswick's analysis of the source code in formulating his opinion. Any deficiencies in Mr. Giorgianni's analysis or ability to understand the source code are issues of weight and credibility – to be determined by the jury – rather than admissibility. Canon can challenge Mr. Giorgianni's analysis of the source code through cross-examination and the presentation of contrary evidence.[1]

3.      Canon's *Daubert* motion (D.I. 276) seeking to exclude the expert report of William Elswick (the "Elswick Report") and any testimony that relies on the Elswick Report is **DENIED**. Canon asserts two bases for exclusion: (1) the Elswick Report concerns only illuminant estimation source code, which is not at issue in this case; and (2) the Elswick Report discusses values in the source code that are not used in operation of the accused products. (*See* D.I. 276 at 2-3) However, in Mr. Elswick's view, the portions of the Elswick Report that Canon cites do not relate solely to illuminant source code. (*See* D.I. 305 ¶¶ 9-10, 12-14; D.I. 304 ¶ 16-

---

[1]To the extent Canon believes Tarkus is eliciting from Mr. Giorgianni testimony beyond the scope of what was disclosed in his expert report (and any reasonable explanation thereof), Canon can make this objection at trial, and it will be handled pursuant to the procedures for such objections discussed at the pretrial conference.

2

17) Additionally, Mr. Elswick disagrees with Canon that the cited source code is for experimental use only. (*See* D.I. 305 ¶ 16) The Court concludes that the issues Canon raises are factual disputes which go to the weight of the Elswick Report and any testimony relying on it, which is a matter for the jury to decide. Canon can challenge Mr. Elswick's opinion through cross-examination and presentation of contrary evidence.

4.      Adobe's *Daubert* motion (D.I. 278) seeking to exclude Mr. Giorgianni's expert testimony on the doctrine of equivalents is **DENIED**. It appears that Mr. Giorgianni has provided sufficient basis for his doctrine of equivalents infringement opinion such that any shortcomings or deficiencies are issues of weight and credibility – to be determined by the jury – rather than issues of admissibility for the Court to decide. At trial, Adobe can challenge Mr. Giorgianni's doctrine of equivalents analysis or lack thereof through cross-examination and presentation of contrary evidence.

5.      Adobe's *Daubert* motion (D.I. 280) seeking to exclude the testimony of Mr. David Yurkerwich is **DENIED**. Adobe's challenges to Mr. Yurkerwich's reliance on the RPX licensing agreement, calculation of a reasonable royalty rate, and use of Adobe Camera Raw all go to the weight to be accorded to his damages analysis, which is an issue for the jury to decide. Adobe can challenge Mr. Yurkerwich's damages opinion through cross-examination and presentation of contrary expert testimony.

6.      Tarkus's *Daubert* motion (D.I. 283) seeking to exclude the expert report and testimony of Mr. Ned Barnes is **DENIED**. Mr. Barnes is qualified to give expert testimony on the issue of damages based on his specialized knowledge – derived from twenty years of experience in valuing intellectual property – and his status as a Certified Public Accountant. (*See*

3

D.I. 297 at 2, 6) Any shortcomings or deficiencies in Mr. Barnes's analysis are issues of weight

and credibility – to be determined by the jury – rather than issues of admissibility to be

determined by the Court. At trial, Tarkus can challenge Mr. Barnes's damages analysis through

cross-examination and presentation of contrary evidence.

7.      Tarkus's *Daubert* motion (D.I. 286) seeking to exclude the expert report and

testimony of Mr. Christopher Gerardi is **DENIED**. Tarkus's arguments challenging Mr.

Gerardi's ultimate conclusion and inferences from specific negotiations and licensing agreements

go to the weight that should be accorded to Mr. Gerardi's opinion, which is an issue to be

decided by the jury. At trial, Tarkus can challenge Mr. Gerardi's damages analysis through

cross-examination and presentation of contrary evidence.

UNITED STATES DISTRICT JUDGE

4